**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>Steven Eastman</u>

   v.                                                Civil No. 11-cv-316-SM

<u>State of New Hampshire, et al.</u>[1]

**<u>REPORT AND RECOMMENDATION</u>**

    Steven Eastman filed a "Complaint for Interlocutory Injunction and Temporary Restraining Order" (doc. no. 1), along with attachments.[2] Eastman seeks injunctive relief in this matter to stay a child support enforcement action pending in state court, on the basis that the child support order underlying that action is illegal, and that its enforcement violates Eastman's unspecified civil rights. Because Eastman is proceeding pro se and in forma pauperis, the matter is before the court for preliminary review to determine, among other things, whether the complaint states any claim upon which relief

---

   [1]In addition to the State of New Hampshire, Eastman has named the New Hampshire Department of Health and Human Services, New Hampshire Child Support Enforcement Officer Joan Hamblet, and Elizabeth Barnhorst (also known as Elizabeth Eastman, Elizabeth Morong, and Elizabeth Hunt), as defendants to this action.

   [2]The attachments to the complaint are considered to be part of the complaint. <u>See</u> Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

might be granted. See 28 U.S.C. § 1915(e)(2); United States District Court for the District of New Hampshire ("LR") 4.3(d)(1)(B) (authorizing magistrate judge to conduct preliminary review).

## Standard of Review

Under LR 4.3(d)(1), when a plaintiff commences an action pro se, the magistrate judge conducts a preliminary review. The magistrate judge may issue a report and recommendation after the initial review, recommending that claims be dismissed if the court lacks subject matter jurisdiction, the defendant is immune from the relief sought, the complaint fails to state a claim upon which relief may be granted, the allegation of poverty is untrue, or the action is frivolous or malicious. See id. (citing 28 U.S.C. § 1915A & Fed. R. Civ. P. 12(b)(1)). In conducting a preliminary review, the magistrate judge construes pro se pleadings liberally, to avoid inappropriately stringent rules and unnecessary dismissals. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976), to construe pleadings liberally in favor of pro se party); Castro v. United States, 540 U.S. 375, 381 (2003).

To determine if the complaint states any claim upon which relief could be granted, the court applies a standard analogous to that used in reviewing a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6). The court decides whether the complaint contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. See Ashcroft v. Iqbal, 556 U.S. 662, ___, 129 S. Ct. 1937, 1949 (2009).

To make this determination, the court employs a two-pronged approach. See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011). The court first screens the complaint for statements that "merely offer legal conclusions couched as fact or threadbare recitals of the elements of a cause of action." Id. (citations, internal quotation marks and alterations omitted). A claim consisting of little more than "allegations that merely parrot the elements of the cause of action" may be dismissed. Id. The second part of the test requires the court to credit as true all non-conclusory factual allegations and the reasonable inferences drawn from those allegations, and then to determine if the claim is plausible. Id. The plausibility requirement "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of illegal conduct. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007).

The "make-or-break standard" is that those allegations and inferences, taken as true, "must state a plausible, not a merely conceivable, case for relief." Sepúlveda-Villarini v. Dep't of Educ., 628 F.3d 25, 29 (1st Cir. 2010); see Twombly, 550 U.S. at 555-56 ("Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." (internal citations and footnote omitted)).

Evaluating the plausibility of a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at ___, 129 S. Ct. at 1950 (citation omitted). In doing so, the court may not disregard properly pleaded factual allegations or "attempt to forecast a plaintiff's likelihood of success on the merits." Ocasio-Hernández, 640 F.3d at 13. "The relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." Id.

### Background

Eastman's complaint, and the attachments thereto, are convoluted and difficult to understand, at best. Generously

construing the complaint, however, the court finds it to have asserted the following facts.

Steven Eastman is subject to a child support order issued by the New Hampshire Superior Court in 2004, for the support of his two children.  At some point, Eastman fell behind in his court-ordered child support payments.  On June 21, 2011, Joan Hamblet, a Child Support Enforcement Officer for the New Hampshire Department of Health and Human Services ("NH DHHS"), filed a motion to show cause in the Dover Family Court, initiating a child support enforcement action.  In the state court filing, Hamblet alleged that Eastman's child support payments were more than $69,000.00 in arrears.

Eastman's complaint, and the attachments thereto, attempt to demonstrate the illegality of the child support order the NH DHHS seeks to enforce.  Because the court finds, as discussed herein, that it is not appropriate for this court to intervene in the ongoing state court child support proceeding, the court need not delve into the complicated and confusing story asserted by plaintiff to explain the alleged illegality of the child support order and consequent enforcement action.

**Discussion**

The Younger abstention doctrine "is a court-made rule of abstention built around the principle that, with limited exceptions, federal courts should refrain from issuing injunctions that interfere with ongoing state-court litigation." Maymó-Meléndez v. Álvarez-Ramírez, 364 F.3d 27, 31 (1st Cir. 2004). The doctrine emanates from the United States Supreme Court's decision in Younger v. Harris, 401 U.S. 37, 43-44 (1971).

The Younger abstention doctrine provides that federal courts should abstain from enjoining pending state court proceedings when: (1) there is an ongoing state proceeding which is judicial in nature; (2) important state interests are involved; and (3) the plaintiff will have an adequate opportunity to raise relevant federal questions in the state proceeding. See Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Guillemard-Ginorio v. Contreras-Gómez, 585 F.3d 508, 518 (1st Cir. 2009).

Although the Younger case itself involved a federal plaintiff seeking to enjoin a state criminal proceeding, the Younger abstention doctrine has been extended to certain civil proceedings.

> The Supreme Court has extended abstention to two types of state civil actions. First and most importantly, Younger has been extended to some quasi-criminal (or at least "coercive") state civil proceedings - brought by the state as enforcement actions against an individual. A second situation where Younger abstention has been seen as appropriate in civil cases is in those situations uniquely in furtherance of the fundamental workings of a state's judicial system.

Rio Grande Cmty. Health Ctr. v. Rullan, 397 F.3d 56, 69 (1st Cir. 2005) (internal citations omitted). A state's contempt process or method of enforcing its own judgments is a proceeding "'uniquely in furtherance of the fundamental workings of a state's judicial system.'" Connor B. ex rel. Vigurs v. Patrick, 771 F. Supp. 2d 142, 154 (D. Mass. 2011) (quoting Rio Grande Cmty. Health Ctr., 397 F.3d at 69); see also Guillemard-Ginorio, 585 F.3d at 518 ("the policies underlying Younger are fully applicable to noncriminal judicial proceedings when important state interests are involved" (emphasis in original) (citation omitted)). The Younger abstention doctrine has been applied by courts to deny requests by federal plaintiffs for injunctions staying state court family law proceedings. See, e.g., Malachowski v. City of Keene, 787 F.2d 704, 708 (1st Cir. 1986) ("the fact that family law is at issue . . . makes abstention particularly appropriate" (internal quotation marks and citation omitted)); Colassi v. Looper, No. 08-cv-115-JL, 2008 WL 2115160,

7

*2-*3 (D.N.H. May 20, 2008) (applying Younger to abstain from intervening in state court proceedings involving child custody); see also, e.g., Phillips v. Martin, 315 F. App'x 43, 44 (10th Cir. 2008) (finding abstention under Younger doctrine appropriate where plaintiff sought to enjoin ongoing state court child support enforcement proceedings); Wideman v. Colorado, 242 F. App'x 611, 614 (10th Cir. 2007) (Younger abstention appropriate to bar federal suit seeking interference with ongoing state court child custody and support action).

Here, Eastman's claim for injunctive relief satisfies each of the criteria for mandatory abstention under Younger.  First, Eastman seeks a stay of an ongoing judicial proceeding in the state family court, initiated against him in June 2011, concerning enforcement of a state court child support order. The sole relief Eastman seeks here is an order enjoining the state enforcement action until discovery requests he made in that case have been answered, and until the Federal Bureau of Investigations and the United States Senate's Government Accountability Office respond to requests he has made to those agencies for an investigation of the facts that he alleges render his child support order illegal.  Granting Eastman the

relief he seeks would plainly interfere with the state court proceeding.

As to the second Younger criteria, concerning the nature of the action, a state action to enforce a state court judgment regarding child support falls squarely with the categories of cases subject to Younger abstention. The action is a civil proceeding undertaken by the state to enforce a state court judgment. See Rio Grande Cmty. Health Ctr., 397 F.3d at 69. Further, the management of the payment of child support by and for its citizens is an area of important state interest. See Malachowski, 787 F.2d at 708; Colassi, 2008 WL 2115160, at *2 (citing Moore v. Sims, 442 U.S. 415, 434-35 (1979)).

As to the third Younger criteria, whether a state court proceeding will provide an adequate opportunity for a federal plaintiff to have his federal claims adjudicated, "[e]xcept in the most extraordinary cases, a federal court must presume that state courts, consistent with the imperatives of the Supremacy Clause, see U.S. Const., art. VI, are fully competent to adjudicate federal constitutional and statutory claims properly presented by the parties." Casa Marie, Inc. v. Super. Ct. of P.R., 988 F.2d 252, 262 (1st Cir. 1993) (footnote omitted). Federal courts can intervene in state court proceedings only

where a plaintiff can show there is no opportunity to raise the federal issues in a state court, a state statute under attack is "flagrantly and patently violative of express constitutional prohibitions in every clause," or plaintiffs can show "bad faith, harassment, or any other unusual circumstance that would call for equitable relief." Younger, 401 U.S. at 53-54. Absent such extraordinary circumstances, abstention is mandatory, not discretionary, under Younger. See Rio Grande, 397 F.3d at 68.

Eastman makes a number of statements expressing his belief that the child support order underlying the pending enforcement action was issued in bad faith. His assertions, however, amount to no more than conclusory allegations that the court need not credit. See Iqbal, 556 U.S. at ___, 129 S. Ct. at 1949; Twombly, 550 U.S. at 555-56. Further, Eastman has presented the court with no facts that demonstrate any likelihood that he has been or will be denied the opportunity to have the issues in his complaint here, to the extent they are justiciable, fully adjudicated in the present state court enforcement proceeding.

### Conclusion

For the foregoing reasons, the court finds that all of the Younger factors are present in the instant case, and abstention

is thus mandatory. The court therefore recommends dismissal of this action without prejudice.

Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, ___ U.S. ___, No. 11-7382, 2012 WL 33578 (Jan. 9, 2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____
Landya McCafferty
United States Magistrate Judge

January 17, 2012

cc: Steven Eastman, pro se

LBM:jba